■ In the Matter of MATTHEW J. SGAMBETTERA, an Attorney. [40 NYS3d 922]—

Per Curiam. Respondent was admitted to practice by this Court in 2001, after previously being admitted to practice in Massachusetts in 1994. By order entered April 28, 2015, the Massachusetts Supreme Judicial Court for Suffolk County suspended respondent from the practice of law for four months, effective May 28, 2015, based upon stipulated findings that he violated several provisions of the Massachusetts Rules of Professional Conduct by, among other things, neglecting a client matter, failing to act with reasonable diligence and competence in representing a client and practicing law in Massachusetts while under an administrative suspension. Respondent did not file a copy of the 2015 Massachusetts disciplinary order with this Court within 30 days as required by Rules of the Appellate Division, Third Department (22 NYCRR) former § 806.19 (b) (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves, by order to show cause returnable October 11, 2016, for an order imposing discipline upon respondent by reason of the sanction imposed in Massachusetts. Respondent submitted a response to AGC's motion wherein he did not raise any of the available defenses (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). At his request, we have heard respondent in mitigation.

Now, upon consideration of all the facts and circumstances, including the discipline imposed in Massachusetts and respondent's explanations for his misconduct, we grant AGC's motion and conclude that—consistent with Massachusetts—respondent should be suspended from the practice of law for a period of four months in this state. However, we stay said suspension upon the following conditions: (1) on or before March 23, 2017, respondent shall complete three credit hours of accredited continuing legal education (hereinafter CLE) in ethics and professionalism and three credit hours of CLE in law practice management, all in addition to the CLE required of all attorneys in this state (*see* Rules of App Divs [22 NYCRR] part 1500]), and documentation establishing respondent's satisfaction of this condition shall be provided to AGC upon completion of the CLE; and (2) respondent shall not be the subject of professional discipline in this state during the period of stayed suspension. Upon completion of the additional CLE requirements set forth above, and on or before April 10, 2017, respondent shall apply to this Court for termination of the stayed suspension by motion on notice to AGC (*see* Rules of App Div,

3d Dept [22 NYCRR] §§ 800.2 [a]; 800.23 [b]). Any such application must include proof of respondent's completion of the conditions imposed herein, as well as proof that the status of his attorney registration in Massachusetts has been successfully changed from suspended to either active, inactive or retired (see Massachusetts Supreme Judicial Court Rule 4:02). Finally, a failure by respondent to timely move for termination of the stayed suspension on or before April 10, 2017 may constitute a violation of the conditions imposed herein.

Garry, J.P., Lynch, Rose, Mulvey and Aarons, JJ., concur. Ordered that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

Ordered that respondent is suspended from the practice of law for a period of four months, effective immediately, and until further order of this Court, which suspension is stayed upon the terms and conditions set forth in this Court's decision.